09CV2605
JUDGE GUZMAN
MAGISTRATE JUDGE COLE
BR

SCW/08-351  #03868

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| BUDIMIR LUKOVIC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. |
| DOUGLAS APATO, PASCHALL TRUCK LINES, INC., PASCHALL SERVICES, INC. | ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT AT LAW

### COUNT I
### DOUGLAS APATO, PASCHALL TRUCK LINES, INC. AND PASCHALL SERVICES, INC.

Now comes the Plaintiff, BUDIMIR LUKOVIC, by and through his attorneys, Goldberg, Weisman & Cairo, LTD., and complaining of the Defendants, DOUGLAS APATO and PASCHALL TRUCK LINES, INC. and PASCHALL SERVICES, INC. (hereinafter collectively referred to as "PASCHALL"), and each of them, alleges as follows:

1. That on March 20, 2007 the Plaintiff, BUDIMIR LUKOVIC, was operating a motor vehicle traveling northbound on Illinois-53 in the City of Rolling Meadows, County of Cook, and State of Illinois at or near M.P. 0.00.

2. That at the aforesaid time and place, the Defendant, DOUGLAS APATO, was operating a vehicle, which was owned by the Defendant, PASCHALL, and was traveling northbound on Illinois-53 at or near MP 0.00.

3. That at the aforesaid time and place, the Defendant, DOUNGLAS APATO, was operating the aforementioned vehicle as the agent, servant and employee of the Defendant, PASCHALL.

4. That at the aforesaid time and place, it was the duty of the Defendant, DOUGLAS APATO, and the Defendant, PASCHALL, by and through its agent, servant and employee, and each of them, to exercise ordinary and reasonable care and caution in the



operation of the aforementioned vehicle, so as not to cause injury to other drivers, including the Plaintiff.

5. At the aforesaid time and place, the Defendant, DOUGLAS APATO, and the Defendant, PASCHALL, by and through its agent, servant and employee, and each of them, despite their aforementioned duty, then and there committed one or more of the following careless and negligent acts and/or omissions:

   (a) Carelessly and negligently operated and controlled said motor vehicle;

   (b) Carelessly and negligently failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of said motor vehicle;

   (c) Operated his motor vehicle without keeping a proper and sufficient lookout;

   (d) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 1993, Chapter 625, Section 5/11-601;

   (e) Failed to decrease speed so as to avoid colliding with another vehicle, in violation of Illinois Compiled Statutes, 1993, Chapter 625, 5/11-601;

   (f) Carelessly and negligently followed too closely to Plaintiff's vehicle, in violation of 625 ILCS 5/11-710;

   (g) Failed to properly inspect, maintain, and repair the subject vehicle.

6. That at the aforesaid time and place and as a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendants, and each of them, the vehicle operated by the Defendant, DOUGLAS APATO, and owned by the Defendant, PASCHALL, was caused to and did strike the rear of the Plaintiff's vehicle.

7. That as a further direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff, sustained severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered

great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, BUDIMIR LUKOVIC, prays for judgment against the Defendants, DOUGLAS APATO, individually, and the Defendant, PASCHALL, individually and by and through its agent, servant and employee, DOUGLAS APATO, and each of them, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and costs of this suit.

PLAINTIFF DEMANDS JURY OF TWELVE

## COUNT II
## PASCHALL TRUCK LINES, INC. AND PASCHALL SERVICES, INC.

Now comes the Plaintiff, BUDIMIR LUKOVIC, by and through his attorneys, Goldberg, Weisman & Cairo, LTD., and complaining of the Defendant, PASCHALL TRUCK LINES, INC. and PASCHALL SERVICES, INC. (hereinafter collectively referred to as "PASCHALL"), and each of them alleges as follows:

1. Plaintiff reasserts and realleges each and every allegation set forth in Paragraphs 1 through 3 of Count I as Paragraphs 1 through 3 of Count II, as if set forth fully herein.

4. The Defendant, PASCHALL, at all times relevant owed a duty to all members of the motoring public, including the Plaintiff, to exercise reasonable care in complying with all applicable local, state, and federal regulations pertaining to the operation of its tractor trailers, including the subject tractor trailer, and specifically to properly inspect, maintain, and repair its tractor trailers, including the subject tractor trailer.

5. That at the aforementioned time and place, the Defendant, PASCHALL, became guilty of one or more of the following careless and negligent acts and/or omissions, breaching its duty to the Plaintiff:

    (a) Failed to properly inspect, maintain, and repair the subject vehicle;

    (b) Failed to comply with all applicable local, state, and federal regulations pertaining to the operation of its tractor trailers, including the subject tractor trailer.

6. That at the aforesaid time and place and as a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, PASCHALL, the vehicle operated by the Defendant, DOUGLAS APATO, and owned by the Defendant, PASCHALL, was caused to and did strike the rear of the Plaintiff's vehicle.

7. That as a further direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, the Plaintiff, sustained severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, BUDIMIR LUKOVIC, prays for judgment against the Defendant, PASCHALL, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and costs of this suit.

**PLAINTIFF DEMANDS JURY OF TWELVE**

Respectfully submitted,

Goldberg, Weisman & Cairo, Ltd.

Scott C. Weisman

Scott C. Weisman
Goldberg Weisman Cairo
One East Wacker Drive
Suite 3800
Chicago, Illinois 60601
312/ 464-1200